IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**
    Plaintiff,

v.

**WILFREDO LOPEZ MORALES,**
    Defendant.

CRIM. NO. 95-235 (MAJ)

### REPORT AND RECOMMENDATION

Pending before the Court is Defendant Wilfredo López Morales' (the "Defendant") *Pro-Se Motion for Reduction of Term of Imprisonment/ Compassionate Release Pursuant to 18 U.S.C. §3582(C)(A)(i)* (the "Motion for Compassionate Release" or the "Motion") as well as the Government's opposition thereto (the "Opposition"). *See* Docket Nos. 828 and 849, respectively. For the reasons espoused below, the undersigned **RECOMMENDS** that Defendant's Motion for Compassionate Release be **DENIED WITHOUT PREJUDICE**.

### I.   PROCEDURAL BACKGROUND

On October 30, 1998, the Defendant was sentenced to two terms of life in prison, each to be served concurrently with one another, for having committed (Count One) and conspiring to commit (Count Two) a carjacking that resulted in the rape and murder of a pregnant woman; all in violation of Title 18, *United States Code*, Sections 2119 (carjacking) and 371 (conspiracy). *See* Docket Nos. 685 and 686.[1] In addition, the Defendant was sentenced to a supervised release term of five (5) years as to each count of conviction. *Id.* The Defendant is currently serving his term of imprisonment at the Federal Correctional Institution and Federal Prison Camp located in Fairton, New Jersey ("FCI Fairton"). Docket No. 828-1 at 2 and 3.

---

[1] Due to the age of this case, neither the Superseding Indictment nor the Judgment were available electronically for the undersigned to review. Accordingly, the procedural background was taken from entries on the docket.

Case 3:95-cr-00235-MAJ   Document 854   Filed 01/24/25   Page 2 of 8

*United States v. Wilfredo López Morales*                                                                              Page 2
Crim. No. 95-235 (MAJ-MDM)
Report and Recommendation
_____

As required by the First Step Act of 2018 (the "First Step Act"), on July 9, 2024, the Defendant requested that the Warden of FCI Fairton (the "Warden") file a motion for compassionate release on his behalf, citing four issues. Docket No. 828-1. First, the Defendant asserted that he is entitled to relief under 18 U.S.C. §3582(c)(1)(A)(i) for the extraordinary and compelling reason of having received an unusually long sentence. *Id.* at 4. *See* U.S.S.G. §1B1.13(b)(6). Second, he argued that he is innocent of the crime of which he was convicted. *Id.* Third, he claimed that he suffers from several unnamed medical and mental health conditions. *Id.* And fourth, he alleged that he is entitled to compassionate release because he had a "horrific upbringing." *Id.*

The Warden received Defendant's request for compassionate release on July 16, 2024 and denied the same seventeen (17) days later on August 2, 2024. *Id.* at 2. In his denial, the Warden stated as follows:

> Bureau of Prisons' Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), sets forth the criteria the Director considers for a RIS.[2] Pursuant to P.S. 5050.50, the following criteria may be used to file for a RIS: Terminal Medical Condition, Debilitated Medical Condition, Elderly Inmates, Death or Incapacitation of Family Member Caregiver, and Incapacitation of a Spouse or Registered Partner. A request for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) will be considered when there are extraordinary and compelling reasons meeting these criteria or if the requester is a victim of sexual abuse while in custody, there is no danger to the safety of any other person or to the community, and the reduction is consistent with policy.
>
> Elderly Inmates with Medical Conditions must be Age 65 or older. You are 58 years old and as such are not eligible for early release under PS 5050.50. Reduction in sentencing consideration may also be given to inmates who have an incurable, progressive illness or who have suffered a debilitating injury from which they will not recover. Your

---

[2] "RIS" stands for a "Reduction in Sentence."

Case 3:95-cr-00235-MAJ    Document 854    Filed 01/24/25    Page 3 of 8

*United States v. Wilfredo López Morales*                                                            Page 3
Crim. No. 95-235 (MAJ-MDM)
Report and Recommendation
_____

> case was reviewed and determined that you do not have any medical concerns.
>
> Accordingly, your request for administrative remedy is denied and therefore will [sic] not be filing a motion requesting a sentencing modification for you.

Docket No. 828-1 at 2.

Immediately after stating his reasons for denying Defendant's request for compassionate release, the Warden advised the Defendant that if he was dissatisfied with the decision, he may file an appeal with the "Regional Director, Northeast Regional Office, located in the U.S. Customs House-7th Floor, 2nd and Chestnut Street, Philadelphia, PA. 19106." *Id.* The Warden further advised the Defendant that any appeal must be received in the Regional Office within twenty (20) days from the date of the denial. *Id.* The record does not indicate, nor has the Defendant proffered, that he timely appealed the Warden's decision to the Regional Director.

On September 10, 2024, the Defendant filed the pending Motion in this Court seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). He avers that the Court has jurisdiction over the Motion because thirty (30) days has elapsed since the Warden received the Defendant's July 9, 2024 request for compassionate release. *See* Docket No. 828 at 2-3. In its Opposition, the Government asserts that the Motion should be denied because, among other things, the Defendant failed to exhaust all administrative remedies. As explained below, the Court finds that Defendant has failed to exhaust all administrative remedies.

## II.    APPLICABLE LAW

### A. The First Step Act

Pursuant to Section 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, a court may not modify an imposed term of imprisonment unless a defendant exhausts certain administrative remedies. *United States v. Nieves*, 615 F. Supp. 3d 73, 75 (D.P.R. 2022) (citing 18 U.S.C. § 3582(c)(1)(A)). First, a defendant must request that the Bureau of Prisons ("BOP") file a motion for compassionate release on their behalf. *See id.* After filing such request, the defendant may only file

Case 3:95-cr-00235-MAJ   Document 854   Filed 01/24/25   Page 4 of 8

*United States v. Wilfredo López Morales*                                                    Page 4
Crim. No. 95-235 (MAJ-MDM)
Report and Recommendation

---

a motion in federal court if he has either: (1) "fully exhausted all administrative rights to appeal" the BOP's failure to bring the motion on his behalf; or (2) waited thirty (30) days from the receipt of his request by the warden of their facility, "whichever is earlier[.]" *Id.*; *see e.g., Nieves,* 615 F. Supp. 3d at 75 (citing *United States v. Alvarado-Cosme*, Crim. No. 15-0217 RAM, 2021 WL 5782485 *1 (D.P.R. Dec. 7, 2021)).

    B.  *Administrative Remedy Procedure*

The Administrative Remedy Program (hereinafter to be referred to as the "Administrative Remedy Procedure"),[3] 28 C.F.R. § 542, subpart B, governs the "administrative rights to appeal" requirement referenced in the First Step Act. 28 C.F.R. § 571.63(a); *see e.g., Nieves, at 75; United States v. Perry*, Crim. No. 95-075 JJM, 2020 WL 8184257 *1, *2-3 (D.R.I. July 20, 2020); *United States v. Britton*, 473 F. Supp. 3d 14, 21 (D.N.H. 2020). The Administrative Remedy Procedure requires a defendant to appeal a denial of his request using the following four steps. *See* 28 C.F.R. §§ 542.13–542.15.

    First, the defendant must attempt to resolve their complaint informally with prison staff. 28 C.F.R. § 542.13(a). Second, if unable to do so, the defendant may submit a formal written Administrative Remedy Request to the warden through a "BP-9" form within twenty (20) days of the events forming the basis for the request. 28 C.F.R. § 542.14(a). Third, a defendant who is not satisfied with the warden's response to that request may submit an appeal to the Regional Director through a "BP-10" form within twenty (20) days of the date the warden signed the BP-9 response form. 28 C.F.R § 542.15(a). Fourth, a defendant who is not satisfied with the Regional Director's response may then appeal to the BOP's Office of General Counsel through a "BP-11" form within thirty (30) days of the date the Regional Director signed the response. *Id.* "Appeal to the General Counsel is the final administrative appeal." *Id.* Alternatively, if the warden approves the request, but either the BOP's General Counsel or the BOP Director denies the request, that denial constitutes a "final

---

[3] The Court intentionally refers to the "Administrative Remedy Program" as the "Administrative Remedy Procedure" so that the legal explanations flow better in context.

Case 3:95-cr-00235-MAJ   Document 854   Filed 01/24/25   Page 5 of 8

*United States v. Wilfredo López Morales*                                                                Page 5
Crim. No. 95-235 (MAJ-MDM)
Report and Recommendation
_____

administrative decision" that satisfies the exhaustion requirement. 28 C.F.R § 571.63(d). Thus, a defendant exhausts administrative remedies when either: (1) the warden refuses to recommend that the BOP file a motion for compassionate release and the defendant receives a response to the BP-11 Form; or (2) either the BOP's General Counsel or BOP Director rejects a warden's recommendation that the BOP file a motion for compassionate release on the defendant's behalf. *See* 28 C.F.R. § 542 subpart B; 28 C.F.R. § 571.63.

### III.   ANALYSIS

   A. *If the warden responds to defendant's request for compassionate relief within thirty (30) days of receipt, a defendant must exhaust all administrative remedies*

The Defendant argues that he satisfied Section 3582(c)(1)(A)'s exhaustion requirement because he filed the Motion over thirty (30) days after the Warden received his request for compassionate release. Docket No. 828 at 2-3. The Warden, however, responded to Defendant's request within thirty (30) days of its receipt. Docket No. 828-1 at 2. While Defendant's Motion relies on the proposition that the thirty (30)-day provision in Section 3582(c)(1)(A) is always an alternative to administrative exhaustion, that premise is incorrect.

In *United States v. Nieves*, 615 F. Supp. 3d at 73, this Court, in an opinion authored by Chief Judge Arias Marxuach, had the occasion to resolve a matter involving the same factual and legal questions presented here. In that case, which was recognized then as a case of first impression in this District, the defendant tried to argue that the Court had jurisdiction over his compassionate release request based on the fact that more than thirty (30) days had passed since the warden had received his request. In that case, similar to this one, the warden had responded to defendant's request within thirty (30) days of receipt. After conducting a well-reasoned analysis of Section 3582(c)(1)(A), the court concluded that defendants cannot rely on the thirty (30)-day provision if the warden of their facility responded to their request within thirty (30) days of receipt. *Nieves*, at 76. In such cases, the Court held that defendants

Case 3:95-cr-00235-MAJ    Document 854    Filed 01/24/25    Page 6 of 8

*United States v. Wilfredo López Morales*   Page 6
Crim. No. 95-235 (MAJ-MDM)
Report and Recommendation
_____

must exhaust administrative remedies before a federal court may properly consider their motion for compassionate release. *Id.*

In explaining the rationale for its holding, the Court stated that,

> This interpretation of Section 3582(c)(1)(A) complies with the statutory text and avoids reading the statute in a manner that would render certain provisions superfluous. The statute clearly delineates two avenues by which a defendant may eventually file a motion for compassionate release in federal court. *See* 18 U.S.C. § 3582(c)(1)(A). The first avenue requires the full exhaustion of administrative rights to appeal. The second avenue requires the defendant to wait for thirty (30) days to lapse after the warden receives their request. If the warden responds within thirty (30) days, these two avenues cannot be logically read as separate alternatives, because doing so would ignore the extreme unlikelihood of any administrative appeal within the bureaucracy of the Bureau of Prisons being completed in thirty days. Such a reading would effectively and impermissibly render the administrative exhaustion requirement ineffectual. *See Corley v. United States*, 556 U.S. 303, 314 (2009) (holding that "[a] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant") (internal quotation marks and citation omitted). A defendant would have no reason to exhaust administrative remedies if they could simply file a motion in federal court after waiting for thirty (30) days following the warden's receipt of their request. The Court is thus unpersuaded by the reasoning underlying district court decisions to the contrary, as this approach renders the administrative exhaustion requirement futile.

*Nieves*, at 76-77. (Internal quotation marks and citations omitted).

In addition, the Court in *Nieves* noted that its holding is consistent with other cases in the Circuit and complies with Section 3582(c)(1)(A)'s overall purpose. That is to say that the thirty (30)-day provision is designed to ensure that wardens act in a timely manner and do not unnecessarily delay responding to requests from defendants. *Nieves*, at 77 (citing generally *United States v. Rembert*, No. 12-CR-66 DBH, 2020 WL 6589646 *1 (D. Me. Nov. 11, 2020). Therefore, if a warden responds

Case 3:95-cr-00235-MAJ   Document 854   Filed 01/24/25   Page 7 of 8

*United States v. Wilfredo López Morales*  Page 7
Crim. No. 95-235 (MAJ-MDM)
Report and Recommendation
_____

within thirty (30) days of receiving a defendant's request, that purpose is fulfilled. Defendants must then follow the procedures set forth in the above-described Administrative Remedy Procedure before they may file a motion in federal court. *Id.*

The *Nieves* court also noted that this approach acknowledges that the BOP is the entity best situated to evaluate defendants' requests and to ensure that similarly situated defendants receive consistent results. *Nieves*, at 77 (citing *United States v. Montañez*, 458 F. Supp. 3d. 146, 156 (W.D.N.Y. 2020) (noting that within the Second Circuit, defendants from the same institution seeking compassionate release meet "divergent results")). If the warden responds within thirty (30) days, requiring exhaustion of administrative remedies allows officials familiar with BOP policies to evaluate the warden's denial. *Nieves*, at 77 (citing *United States v. Carr*, No. 13-CR-0034 JPJ, 2020 WL 2847633, *1, *3 (W.D. Va. June 2, 2020) (noting that requiring administrative exhaustion when the warden responds within thirty (30) days permits "further review of the warden's denial by officials who are likely to have a broader view of the policies involved")).

### B. Defendant did not exhaust administrative remedies

The majority rule in the First Circuit is that a motion for compassionate release may be heard only after a defendant *has demonstrated* that "he has exhausted the [BOP's] administrative process for compassionate release, or thirty days have lapsed without a decision, whichever occurs first[.]" *United States v. Cruz*, Crim. No. 01-717 RAM, 2022 WL 3699620 *1, *3 (D.P.R. August 26, 2022) (quoting *United States v. Miamen*, 2020 WL 1904490 *1, *2 (D.R.I. 2020) (emphasis added). *See also United States v. Eisenberg*, 470 F. Supp. 3d 111, 113 (D.N.H. 2020); *Britton*, 473 F. Supp. 3d at 17 n.3. In this case, there is nothing in the record to indicate that the Defendant has completed the appeals process following the Warden's denial of his request. The First Circuit has held that this requirement to demonstrate exhaustion of administrative remedies "is a mandatory claim-processing rule not subject to equitable exceptions." *Nieves* at 77 (citing *United States v. Alvarado-Cosme*, 2021 WL

Case 3:95-cr-00235-MAJ   Document 854   Filed 01/24/25   Page 8 of 8

*United States v. Wilfredo López Morales*                                                                       Page 8
Crim. No. 95-235 (MAJ-MDM)
Report and Recommendation
_____

5782485 at *1 (citing *Britton*, at 21). Thus, this Court may not review Defendant's request at this juncture. *See id.*

## IV. CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that the defendant's *Motion for Compassionate Release* (Docket No. 828) be **DENIED WITHOUT PREJUDICE**.

**IT IS SO RECOMMENDED**.

The parties have fourteen (14) days to file any objections to this Report and Recommendation. Failure to file the same within the specified time waives the right to appeal this Report and Recommendation. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-51 (1st Cir. 1994); *United States v. Valencia Copete*, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 24th day of January 2025.

s/ *Marshal D. Morgan*

Marshal D. Morgan
United States Magistrate Judge
for the District of Puerto Rico